**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

PRO REO SETTLEMENT SERVICES, LLC, et al

Plaintiffs,

vs

LENDING TREE, INC., et al

Defendants.

Case No. 1:25-cv-00335-JPC
Judge J. Philip Calabrese
Mag. Judge James E. Grimes, Jr.

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, INSTANTER**

NOW COME Plaintiffs, Pro REO Settlement Services, LLC and Kevin Ra, by and through undersigned counsel, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, hereby respectfully move this Honorable Court for leave to file their First Amended Complaint instanter.

Plaintiffs seek leave to amend to clarify allegations, respond to issues raised in Defendants' Motions to Dismiss, and assert additional facts that have occurred since the original Complaint was filed. The amendments provide greater factual specificity, particularly with respect to conduct by Defendants LendingTree, Inc. and Premium Merchant Funding One, LLC, and allege continuing violations of the Telephone Consumer Protection Act (47 U.S.C. § 227) and related tortious conduct under Ohio law.

Pursuant to Rule 15(a)(2), a party may amend its pleading with the court's leave, and '[t]he court should freely give leave when justice so requires.' Fed. R. Civ. P. 15(a)(2). This standard is liberally applied, and amendment is favored when it will aid in resolving matters on the merits.

A copy of the proposed First Amended Complaint is attached hereto.

WHEREFORE, Plaintiffs respectfully request that this Court grant leave to file the attached First Amended Complaint instanter, and for such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Wendy S. Rosett
Wendy S. Rosett, ID# 0055870
Attorney and Counselor-at-Law
16781 Chagrin Boulevard, #304
Shaker Heights, Ohio 44120
216.533.4139 (cellular phone)
216.491.2125 (voicemail/fax)
Email: owlesq@aol.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foregoing was sent via the Court's Electronic Notification System and/or regular U.S. mail, postage prepaid, this 15th day of April, 2025 to all parties listed on the Court's dockets as participants in this matter.

/s/ Wendy S. Rosett
Wendy S. Rosett, ID# 0055870

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PRO REO SETTLEMENT SERVICES, LLC<br>16781 CHAGRIN BOULEVARD, #304<br>SHAKER HEIGHTS, OHIO 44120,<br><br>AND<br><br>KEVIN RA<br>16781 CHAGRIN BOULEVARD, #304<br>SHAKER HEIGHTS, OHIO 44120<br><br>PLAINTIFFS,<br><br>VS.<br><br>LENDING TREE, INC.<br>11115 RUSHMORE DR.<br>CHARLOTTE, NC 28277,<br><br>HEADWAY CAPITAL, LLC<br>4700 W. DAYBREAK PKWY, SUITE 200<br>SOUTH JORDAN, UT 84009,<br><br>SUTTON FUNDING NY, INC.<br>261 MADISON AVE<br>10TH FLOOR, UNIT 1058<br>NEW YORK, NY 10016,<br><br>PREMIUM MERCHANT FUNDING ONE, LLC<br>55 WATER STREET FL 50<br>NEW YORK, NY 10041,<br><br>DEFENDANTS. | : | Case No.: 1:25-cv-00335-JPC<br>Judge J. Philip Calabrese<br>Mag. Judge James E. Grimes, Jr.<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs Pro REO Settlement Services, Inc. and Kevin Ra (collectively, “Plaintiffs”) allege as follows:

1. This action arises from a fraudulent and predatory telemarketing scheme orchestrated by Defendants, resulting in repeated and unlawful communications to Plaintiffs in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and various Ohio tort laws.
2. Despite explicit revocation of consent and prior opt-out requests, Plaintiffs continue to receive unwanted and misleading communications from Premium Merchant Funding ("PMF") and others, causing severe disruption to Plaintiffs’ business operations.
3. In April 2025, PMF texted Plaintiffs without the legally required opt-out language. Only after being informed that the message would be referred to legal counsel did PMF send a corrected version—implicitly acknowledging the prior violation.
4. Upon belief, LendingTree operates a business model that shares or sells sensitive consumer data to third parties for marketing purposes. Upon belief, LendingTree offers brokers and telemarketers things of value in exchange for fees it makes from these parties accepting funding from LendingTree's partners.
5. Plaintiffs applied for and received a business line of credit through LendingTree, which connected them to Headway Capital, providing personal mobile and business contact information under assurances that it would be used only for loan-related communication.
6. Plaintiffs explicitly informed LendingTree and its affiliates that they did not consent to having their data shared for marketing and telemarketing purposes and revoked any general consent to such communications.
7. Nevertheless, Defendants shared Plaintiffs’ information and allowed repeated, unwanted telemarketing calls and messages from various marketing firms, including PMF and Sutton Funding.
8. These communications disrupted Plaintiffs' day-to-day operations, compromised their ability to service clients, and inflicted measurable economic harm.

## COUNT ONE: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227)

1. Plaintiffs reallege and incorporate by reference the foregoing paragraphs.

2. Defendants made or caused to be made numerous unsolicited telemarketing calls and texts to Plaintiffs' telephone lines, despite Plaintiffs' numbers being registered on the National Do Not Call Registry and having revoked any consent.
3. PMF specifically sent messages in April 2025 without legally required opt-out instructions in violation of 47 C.F.R. § 64.1200(b)(3).
4. Each such communication constitutes a separate violation of the TCPA and its implementing regulations.
5. As a result of these unlawful acts, Plaintiffs are entitled to statutory damages under 47 U.S.C. § 227(c)(5), including treble damages for any willful or knowing violations.

**COUNT TWO: INVASION OF PRIVACY – INTRUSION UPON SECLUSION**

1. Plaintiffs reallege and incorporate by reference the foregoing paragraphs.
2. Defendants intentionally intruded upon Plaintiffs' seclusion by continually sending harassing and unsolicited communications after being told to cease.
3. Such conduct would be highly offensive to a reasonable person and did in fact cause distress, economic injury, and disruption.

**COUNT THREE: NEGLIGENCE**

1. Plaintiffs reallege and incorporate by reference the foregoing paragraphs.
2. Defendants owed Plaintiffs a duty of care to protect their personal information from misuse and not to facilitate unlawful telemarketing.
3. Defendants breached this duty by allowing third parties to use such information for persistent and unlawful marketing efforts.
4. This breach proximately caused Plaintiffs economic damages and business losses.

**COUNT FOUR: INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS**

1. Plaintiffs reallege and incorporate by reference the foregoing paragraphs.
2. Plaintiffs maintained ongoing business relationships with clients who communicated primarily by phone and email.
3. Defendants knew that their communications would interfere with Plaintiffs' commercial activities and did so willfully.

4. Such interference caused lost revenue and reputational harm to Plaintiffs' business.

**COUNT FIVE: CIVIL CONSPIRACY**

1. Plaintiffs reallege and incorporate by reference the foregoing paragraphs.
2. Defendants acted in concert and agreed, expressly or tacitly, to a common scheme involving unlawful sharing and use of consumer data.
3. This combination resulted in repeated TCPA violations, loss of business income, and general harm to Plaintiffs' interests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Award statutory damages pursuant to the TCPA for each unlawful call or message, including treble damages for knowing or willful violations;
B. Award compensatory and punitive damages for tortious conduct in an amount exceeding $1,000,000;
C. Enjoin Defendants from continuing unlawful telemarketing activities;
D. Award reasonable attorneys' fees and costs;
E. Grant all other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,

/s/ Wendy S. Rosett
Wendy S. Rosett, ID# 0055870
Attorney and Counselor-at-Law
16781 Chagrin Boulevard, #304
Shaker Heights, Ohio 44120
216.533.4139 (cellular phone)
216.491.2125 (voicemail/fax)
Email: owlesq@aol.com

*Attorney for Plaintiffs*