# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PRO REO SETTLEMENT SERVICES, LLC, *et al.*, | ) Case No. 1:25-cv-335 ) ) Judge J. Philip Calabrese |
| Plaintiffs, | ) ) Magistrate Judge |
| v. | ) James E. Grimes, Jr. ) |
| LENDINGTREE, INC., *et al.*, | ) ) |
| Defendants. | ) ) ) |

## OPINION AND ORDER

Defendant Headway Capital, LLC removed this case from State court. Then, Defendant LendingTree, Inc. moved to transfer this action to the Western District of North Carolina under 28 U.S.C. § 1404(a). For the following reasons, the Court **GRANTS** LendingTree's motion and **TRANSFERS** the case to the United States District Court for the Western District of North Carolina. Accordingly, it has no occasion to pass on any other pending motion.

## BACKGROUND

Plaintiffs Pro REO Settlement Services, LLC and Kevin Ra applied for and received a business loan from Defendant Headway Capital, LLC. (ECF No. 1-1, ¶ 17, PageID #12.) Defendant LendingTree, Inc. brokered the loan. (*Id.*) As part of the loan application process, LendingTree and Headway Capital obtained Mr. Ra's personal and business phone numbers. (*Id.*, ¶ 18, PageID #12.) Pro REO Settlement Services and Mr. Ra informed LendingTree and Headway Capital that their phone

numbers and email addresses should not be shared with third parties for marketing purposes and that they do not consent to receiving any calls other than those required to complete the loan process. (*Id.*, ¶ 19, PageID #12.)

Since then, Plaintiffs allege that unsolicited telemarketing calls and emails have inundated their phone numbers and email addresses, overwhelming those communication channels and rendering them useless. (*Id.*, ¶¶ 21–22, PageID #13.) Pro REO Settlement Services and Mr. Ra contend that this flood of telemarking resulted from LendingTree and Headway Capital sharing their phone numbers and email addresses with third-party marketers, if not engaging in unlawful telemarketing themselves. (*Id.*, ¶ 20, PageID #13.)

On January 8, 2025, Plaintiffs filed a complaint in State court against LendingTree and Headway Capital as well as Defendants Sutton Funding NY, Inc. and Premium Merchant Funding One, LLC. (ECF No. 1-1.) Plaintiffs believe Sutton Funding and Premium Merchant Funding to be commercial business loan brokers that receive leads from LendingTree and re-market to current customers of Headway Capital. (*Id.*, ¶¶ 6 & 9, PageID #11.) Plaintiffs allege that Sutton Funding and Premium Merchant Funding do not loan money themselves but instead send applicants to LendingTree's affiliates, which include Headway Capital. (*Id.*, ¶¶ 7 & 10, PageID #11.) Plaintiffs' complaint brings claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, invasion of privacy, negligence, intentional interference with business relationships, and civil conspiracy against all Defendants as well as unjust enrichment against Headway Capital.

On February 18, 2025, Headway Capital removed this case to federal court. (ECF No. 1.) Over the next two months, the parties filed numerous motions. On March 18, 2025, Headway Capital moved to stay the proceedings and compel arbitration. (ECF No. 12.) That same day, LendingTree moved to dismiss for failure to state a claim (ECF No. 14), to compel arbitration (ECF No. 15), and to transfer venue (ECF No. 16). On March 28, 2025, Plaintiffs moved for judicial notice of the State court docket and proof of service. (ECF No. 21.) On April 11, Premium Merchant Funding moved to dismiss for failure to state a claim. (ECF No. 24.) On April 15, 2025, Plaintiffs filed a motion for leave to file *instanter* an amended complaint. (ECF No. 25.)

For the reasons that follow, the Court takes up only LendingTree's motion to transfer venue (ECF No. 16). Determined that the case should be transferred, the Court does not have occasion to decide the other pending motions, which remain subject to decision in the appropriate forum.

## DISCUSSION

As a threshold matter, the Court must decide which of the many pending motions to address first: the motions to dismiss for failure to state a claim (ECF No. 14; ECF No. 24), the motions to compel arbitration (ECF No. 12; ECF No. 15), and the motion to transfer venue (ECF No. 16). As between the motion to transfer venue and the motions to dismiss for failure to state a claim, the Court proceeds with the motion to transfer venue in the interest of judicial economy. Before deciding the case on the merits, the Court ought to determine whether it is the appropriate venue for

such a decision in the first place. *See, e.g., Villanueva v. Barcroft*, 822 F. Supp. 2d 726, 732 n.5 (N.D. Ohio 2011); *Smith v. General Info. Sols., Inc.*, 2018 WL 4019463, at *3 (S.D. Ohio Aug. 23, 2018); *Showhomes Franchise Corp. v. LEB Sols., LLC*, 2017 WL 3674853, at *1 (M.D. Tenn. Aug. 24, 2017).

The motion to transfer venue also takes priority over the motions to compel arbitration. This is so because "the Federal Arbitration Act prevents federal courts from compelling arbitration outside of their own district." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1018 (6th Cir. 2003). It follows that, "where the parties have agreed to arbitrate in a particular forum, only a district court in that forum has jurisdiction to compel arbitration." *Management Recruiters Intern., Inc. v. Bloor*, 129 F3d 851, 854 (6th Cir. 1997). Here, arbitration must occur, if at all, in the Western District of North Carolina; therefore, only a court in that jurisdiction may compel arbitration.

## VENUE

Accordingly, the Court turns to LendingTree's motion to transfer venue. LendingTree seeks to enforce a forum-selection clause in its terms of use, under which the exclusive venue for any dispute is Mecklenburg County, North Carolina. (ECF No. 16-1, PageID #196.) LendingTree argues that the forum-selection clause is applicable, mandatory, valid, and enforceable and that the public interest favors the Western District of North Carolina as the proper forum. (*Id.*, PageID #199–206.) Accordingly, LendingTree seeks to transfer the case to the Western District of North Carolina under 28 U.S.C. § 1404(a). (*Id.*, PageID #207.)

4

Motions to transfer under Section 1404(a) are the appropriate procedure for enforcing a forum-selection clause. *Atlantic Marine Const. Co., Inc. v. United States Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). "In the typical case not involving a forum-selection clause," consideration of a motion under Section 1404(a) involves evaluating "both the convenience of the parties and various public-interest considerations."

"When the parties have agreed to a valid forum-selection clause, [however,] a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 62. This is because the "presence of a forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." *Id.* at 63. First, "the plaintiff's choice of forum merits no weight." *Id.* Second, courts "should not arguments about the parties' private interests." *Id.* at 64. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* at 66.

Plaintiffs do not dispute the forum-selection clause's existence, validity, applicability, or enforceability. Nor do they argue that any public-interest considerations weigh against transfer. Instead, Plaintiffs raise a single argument against transfer—that LendingTree has waived any venue objection. (ECF No. 27.)

Citing no authority save an inapposite Supreme Court case that does not mention waiver, Plaintiffs argue that "a party may waive venue objections by failing

5

to assert them timely or by taking inconsistent action" and claim that LendingTree "received a clear pre-litigation notice but remained silent." (*Id.*, PageID #296.) According to Plaintiffs, they sent LendingTree an email on February 1, 2023 "explicitly stating that litigation would commence if the deficiencies were not immediately corrected." (*Id.*, PageID #295.) Plaintiffs contend that LendingTree's failure to "respond, resolve, or initiate a competing forum selection" in response to this email "operates as a wavier" of its venue objections. (*Id.*, PageID #296.)

Plaintiffs mischaracterize the contents of their email. Far from the "formal notice to commence litigation" that Plaintiffs describe (*id.*, PageID #296), the February 1, 2023 email explicitly refers to litigation as a *possibility*. The only reference to litigation in the email is as follows: "We have begun the process of recording these calls and crated a spreadsheet to keep the data *in the event* we have to escalate this matter via legal action." (*Id.*, PageID #300) (emphasis added).

In any event, even if Plaintiffs' email said what they think, these facts do not constitute a waiver of venue. LendingTree took no action in court (or out of it) compromising their position on venue. Emails do not commence litigation; complaints do. *See* Fed. R. Civ. P. 8. Contrary to Plaintiffs' argument, a motion to transfer venue under Section 1404(a) filed one month after the case arises in federal court is timely and the appropriate procedure for enforcing the terms of a forum-selection clause.

Finally, although the forum-selection clause binds only Plaintiffs and LendingTree, the Court transfers the entire action. By its plain language, Section

1404(a) applies to actions or cases—that is, it permits "the transfer of a case in its entirety, not piecemeal transfers of single parties or claims." *Rugged Cross Hunting Blinds, LLC v. DBR Finance, Inc.*, No. 1:23-cv-1944, 2023 WL 11780377, at *2 (N.D. Ohio Oct. 30, 2023). The Court notes that there are no competing motions to transfer venue pending and notes, without deciding, that Plaintiffs' contract with Headway Capital (which has also moved to compel arbitration) does not appear to have a similarly mandatory forum-selection clause. (*See* ECF No. 1-1; PageID #27.) In any event, judicial economy favors transfer of the case as a whole. It makes little sense for Plaintiffs' claims, which arise out of a common transaction or occurrence, to proceed in multiple forums.

## CONCLUSION

For all these reasons, the Court **GRANTS** LendingTree's motion (ECF No. 16) and **TRANSFERS** the case to the United States District Court for the Western District of North Carolina.

**SO ORDERED.**

Dated: April 28, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

7